Philip Brous Co., Inc. vs. Weybosset Holding Corp., Inc. } Eq. No. 8261

RESCRIPT

February 3, 1927

TANNER, P. J. This is a bill in equity heard upon its merits.

The plaintiff leased a store of the defendant and claims that he was induced to do so by the misrepresentation of the defendant that the department which he leased has done a business of $216,000 the year before. The defendant denies making this misrepresentation and claims that the plaintiff did not comply with the terms of his lease and maintain a proper stock of goods.

The plaintiff offers in evidence a letter written by the defendant to another company and also to a broker, who communicated the letter to the plaintiff. It was represented in this letter by the defendant that the department had done approximately a $200,000 business the years before. During the year before the department was maintained in three different places in the store, and according to the books of the corporation who ran the store at that time it did do a business of $190,000, or it might be said approximately $200,000. In addition to this letter the plaintiff and two others of his managers testified that it was represented at the time of making the lease that the department did a total business in women's dresses, coats and furs of $216,000 the year before.

On the contrary, the defendant, through its president and two others of the managers of the store, testified that this representation was not made, but that the plaintiff was told that the department which he desired to run, and which did not include children's wear, did a business of about $118,000 the year before, and that he was shown at that time a copy of the audited sales of the store for the years 1925 and 1924, which showed

that the sales of the department which he desired to run was approximately $118,000 the year before.

The burden is upon the plaintiff to prove his charges by a fair preponderance of the evidence, and in case of a charge of fraud it should be clearly proven. We are not able to say that the plaintiff has sustained the burden of proof that is laid upon him, and upon this issue must, therefore, find for the defendant.

Upon this issue made by the defendant that the plaintiff did not maintain a proper stock most of the evidence produced by the defendant was by men of other departments who were not experts in the department run by the plaintiff. Their evidence is strenuously denied by the plaintiff and by his two sales managers, who are experts in that department. We, therefore, can not say that the defendant has proved the issue thus set up and must, therefore, find for the plaintiff upon this issue. Even if we could find for the defendant upon this issue, we feel that the damages claimed by the defendant would be too speculative to form the basis of an allowance for damages.

We think the plaintiff is entitled to an account of the business done by him in his department under the defendant's name.

For Complainaint: Curtis, Matteson, Boss & Letts.

For Respondent: McGovern & Slattery.